[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 553.]

THE STATE EX REL. NEWTON, ADMR., ET AL. *v*. COURT OF CLAIMS.

[Cite as *State ex rel. Newton v. Court of Claims*, 1995-Ohio-117.]

*Writ of prohibition or mandamus to prevent Court of Claims from exercising jurisdiction in suit filed in Montgomery County Court of Common Pleas alleging medical malpractice, wrongful death, survivorship, and related tort causes of action against various defendants—Writs denied, when.*

(No. 94-1769—Submitted June 21, 1995—Decided August 30, 1995.)

In PROHIBITION and MANDAMUS.

———————————

{¶ 1} Relators, Tammy R. Newton and James E. Newton, the parents of Kaleb Newton, deceased, instituted a suit in the Montgomery County Court of Common Pleas alleging medical malpractice, wrongful death, survivorship, and related tort causes of action against various defendants, including William J. Seifer, D.O., and the Ohio University School of Osteopathic Medicine. Relators sought damages for the death of Kaleb Newton as a result of complications in connection with his birth. Relators alleged that Dr. Seifer, an obstetrician/gynecologist, negligently, recklessly, willfully, wantonly, intentionally and/or maliciously failed to perform a Cesarean section to deliver Kaleb Newton and/or failed to contact another surgeon to perform the Cesarean section, and that Dr. Seifer's conduct resulted in Kaleb's permanent, severe injuries which ultimately led to his death.

{¶ 2} In January 1992, the common pleas court dismissed Dr. Seifer as a defendant. The court held that since Dr. Seifer had asserted that he was a full-time employee of defendant Ohio University School of Osteopathic Medicine, it was precluded from exercising jurisdiction over the case until the Court of Claims determined whether Dr. Seifer was entitled to personal immunity under R.C. 9.86 and whether the common pleas court possessed jurisdiction over the action.

Relators then filed a complaint in respondent, the Court of Claims, which named several defendants, including Dr. Seifer and the Ohio University School of Osteopathic Medicine. In March 1993, the Court of Claims determined that Dr. Seifer's conduct was within the scope of his employment, that he was entitled to personal immunity under R.C. 9.86, and that the common pleas court lacked jurisdiction "over a cause of action arising from the acts of Dr. Seifer."

{¶ 3} While the Court of Claims' determination was being appealed by relators, many of the defendants in the common pleas court case except Dr. Seifer and Ohio University School of Osteopathic Medicine filed third-party complaints against Dr. Seifer and the school, alleging entitlement to contribution and/or indemnity. These defendants and third-party plaintiffs claimed that if they were found liable to relators, their liability was secondary to the liability of the school and Dr. Seifer. The remaining defendants and third-party plaintiffs subsequently filed a joint petition to remove the entire action from the common pleas court to the Court of Claims.

{¶ 4} On November 23, 1993, the Court of Appeals for Franklin County reversed the judgment of the Court of Claims as to Dr. Seifer's immunity and remanded with instructions for the Court of Claims to "enter a new order finding Dr. Seifer not to be immune pursuant to R.C. 9.86 and for other appropriate proceedings." *Newton v. Ohio Univ. School of Osteopathic Medicine* (1993), 91 Ohio App.3d 703, 713, 633 N.E.2d 593, 599. The court of appeals held that Dr. Seifer had engaged in reckless conduct regarding the delivery of Kaleb Newton, and that Dr. Seifer's relationship with Ohio University Medical Center, Inc. took him outside the scope of R.C. 9.86 immunity. *Id.* at 711, 633 N.E.2d at 598.

{¶ 5} After the Court of Claims failed to grant relators' motion to remand the case to the Montgomery County Court of Common Pleas, relators filed a motion for clarification in the Franklin County Court of Appeals seeking a directive from that court to order the Court of Claims to remand the case to the common pleas

court. The court of appeals denied relators' motion on the rationale that its prior ruling did not "automatically remove" the state as a party to the action and that "complete dismissal of the lawsuit in the Court of Claims is not necessarily appropriate." The Court of Claims then filed an entry finding "[i]n accordance with the decision of the Franklin County Court of Appeals *** that William J. Seifer, D.O. is not entitled to a finding of immunity under R.C. 9.86."

{¶ 6} On July 21, 1994, the Court of Claims dismissed the joint petition for removal filed by defendants and third-party plaintiffs. The Court of Claims ruled that the petition for removal was not properly perfected pursuant to R.C. 2743.03(E)(2) because a copy of the petition had not been timely filed with the clerk of the common pleas court. Defendants and third-party plaintiffs filed a Civ.R. 60(B) motion for relief from the dismissal.

{¶ 7} Relators initiated this action seeking a writ of prohibition and/or mandamus to prevent the Court of Claims from exercising jurisdiction over the case filed in the Montgomery County Court of Common Pleas or over any remaining related claims.

{¶ 8} Following the commencement of this action, the Court of Claims, on September 28, 1994, granted the Civ.R. 60(B) motion and vacated its previous dismissal. At the time, an appeal by the defendants and third-party plaintiffs from the dismissal entry was pending in the court of appeals. According to relators, defendants and third-party plaintiffs then voluntarily dismissed their appeal. Relators filed a notice of appeal from the Court of Claims' vacation of its previous dismissal.

{¶ 9} While relators' notice of appeal was pending, on October 28, 1994, the Court of Claims refiled its entry granting defendants and third-party plaintiffs' motion to vacate its previous dismissal, instructing the clerk to place the matter on the court's active docket. On February 7, 1995, the court of appeals dismissed relators' appeal because of the lack of a final appealable order.

**{¶ 10}** We overruled the Court of Claims' motion to dismiss relators' action in prohibition and mandamus and the parties have submitted evidence.

———————————

*Dwight D. Brannon & Associates, Dwight D. Brannon* and *Ronald J. Maurer,* for relators.

*Betty D. Montgomery*, Attorney General, *James M. Harrison* and *Andrew I. Sutter*, Assistant Attorneys General, for respondent.

———————————

***Per Curiam.***

**{¶ 11}** Relators request a writ of prohibition and/or mandamus to prevent the Court of Claims from exercising further jurisdiction over the underlying case, to compel the Court of Claims to vacate its entries granting the defendants/third-party plaintiffs' Civ.R. 60(B) motion and reinstating the case, and to order the Court of Claims to remand the case to the Montgomery County Court of Common Pleas for a trial on the merits.

**{¶ 12}** Relators assert in their first proposition of law that if the state is found not liable to a plaintiff for the reckless actions of a defendant, the state cannot be held liable to a third-party defendant under a claim of contribution or indemnity arising out of the same transaction.

**{¶ 13}** Neither prohibition nor mandamus will lie where relators possess an adequate remedy in the ordinary course of law. *State ex rel. Hunter v. Certain Judges of the Akron Mun. Court* (1994), 71 Ohio St.3d 45, 46, 641 N.E.2d 722, 723. In addition, neither mandamus nor prohibition may be employed as a substitute for an appeal from an interlocutory order. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. The court of appeals determined that the Court of Claims' entry vacating its prior dismissal and instructing its clerk to place the matter on the active docket was an interlocutory order.

4

**{¶ 14}** Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. Relators contend that because the Court of Claims patently and unambiguously lacks jurisdiction over the underlying case, appeal is not an adequate remedy, and prohibition and mandamus will lie. *State ex rel. Moser v. Lewis* (1995), 72 Ohio St.3d 25, 28, 647 N.E.2d 155, 157 (writ of prohibition may issue despite an available appeal where a court has no jurisdiction whatsoever to act); *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 184, 553 N.E.2d 650, 652 (writ of mandamus may compel vacation of court order, notwithstanding an available appeal, where the lower court had no jurisdiction to act).

**{¶ 15}** R.C. 2743.03(A)(1) provides that the Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, *exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims*, and jurisdiction to hear appeals from the decisions of the court of claims commissioners." (Emphasis added.)

**{¶ 16}** R.C. 2743.03(E) provides:

"(1) *A party who* files a counterclaim against the state or *makes the state a third-party defendant in an action commenced in any court, other than the court of claims, shall file a petition for removal in the court of claims.* The petition shall state the basis for removal, be accompanied by a copy of all process, pleadings, and other papers served upon the petitioner, and shall be signed in accordance with Civil Rule 11. ***

"(2) Within seven days after filing a petition for removal, the petitioner shall give written notice to the parties, and shall file a copy of the petition with the clerk of the court in which the action was brought originally. The filing effects the

removal of the action to the court of claims, and the clerk of the court where the action was brought shall forward all papers in the case to the court of claims. *The court of claims shall adjudicate all civil actions removed. The court may remand a civil action to the court in which it originated upon a finding that the removal petition does not justify removal, or upon a finding that the state is no longer a party.*" (Emphasis added.)

{¶ 17} Relators assert that a remand of the case to the common pleas court was required following the determination by the court of appeals that Dr. Seifer was not entitled to R.C. 9.86 immunity, and that the Court of Claims thereafter patently and unambiguously lacked jurisdiction. However, the Court of Claims possessed exclusive jurisdiction pursuant to R.C. 2743.03(A)(1) over the underlying case when it was removed. Further, under R.C. 2743.03(E)(2), remand to the common pleas court is permissive rather than mandatory. *Nease v. Med, College Hosp.* (1992), 64 Ohio St.3d 396, 399, 596 N.E.2d 432, 435. The Court of Claims is not required to remand a case upon a finding that the state is no longer a party. *Id.* Here, there was not even a finding that the state is no longer a party. The cases relied upon by relators to support their assertion of a mandatory duty, see, *e.g.*, *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 133, 566 N.E.2d 655, 657, are inapposite since they do not involve the Court of Claims' removal jurisdiction under R.C. 2743.03(A)(1) and 2743.03(E).

{¶ 18} As to relators' claim that "[t]he findings of the Court of Appeals, and subsequent finding by the Court of Claims, [are] *res judicata* and the law of the case," writs of mandamus and prohibition are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court. *State ex rel. Smith v. O'Connor* (1995), 71 Ohio St.3d 660, 662, 646 N.E.2d 1115, 1117. However, the Court of Claims complied with the mandate of the court of appeals by issuing an entry specifying that Dr. Seifer was not entitled to R.C. 9.86 immunity. In fact, when relators attempted to obtain a directive from the court of

6

appeals to compel the Court of Claims to dismiss the case because of the appellate court's decision, that court expressly held that the state was not automatically removed as a party to the action and that dismissal of the Court of Claims lawsuit was "not necessarily appropriate." Therefore, no court, including the Court of Claims, has yet determined that the state is no longer a party.

{¶ 19} Based on the foregoing, relators' initial argument does not evidence a patent and unambiguous lack of jurisdiction on the part of the Court of Claims, and relators have not established how a postjudgment appeal would otherwise be inadequate. See, *e.g.*, *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus ("Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law."). Therefore, relators' first proposition does not warrant extraordinary relief and is overruled.

{¶ 20} The Court of Claims contends that this court should not consider the merits of relators' remaining propositions of law because relators "did not raise these arguments as *** grounds for relief in their complaint, nor did they amend their complaint to include such arguments as is required by [Civ.R.] 15." However, no amendment was necessary since relators' second proposition relied on factual allegations contained in the complaint, and their third proposition, which was premised on facts occurring after the complaint, did not modify either the amount or nature of the relief sought in the original complaint. See Staff Notes to Civ.R. 15(E). Further, we have held in mandamus actions that "a court is not limited to considering facts and circumstances at the time a proceeding is instituted, but should consider the facts and conditions at the time it determines to issue a peremptory writ." *Oregon v. Dansack* (1993), 68 Ohio St.3d 1, 4, 623 N.E.2d 20, 22. Thus, the court should consider the merits of relators' remaining propositions.

**{¶ 21}** Relators assert in their second proposition of law that a third-party claim against the state for contribution and/or indemnity does not vest removal jurisdiction in the Court of Claims where the third-party plaintiff cannot prosecute such claim and the Court of Claims cannot rule on the claim. Relators contend that since a claim of contribution and/or indemnity does not vest until after, at least, the final judgment, the Court of Claims lacks removal jurisdiction. Contribution and indemnity claims are prevalent in third-party practice. See, generally, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 210-212, Section 8.22. Neither R.C. 2743.03(A)(1) nor 2743.03(E) distinguishes between "vested" and "contingent" third-party claims. Consequently, for the same reasons discussed in our disposition of relators' first proposition of law, jurisdiction in the Court of Claims is not patently and unambiguously lacking under R.C. 2743.03(A)(1) and 2743.03(E)(2), and relators have not established the inadequacy of postjudgment appeal as an alternative remedy. Relators' second proposition is overruled.

**{¶ 22}** Relators claim in their third proposition of law that the Court of Claims patently and unambiguously lacked jurisdiction to vacate its dismissal under Civ.R. 60(B) while appeals were pending. When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354, 1355.

**{¶ 23}** An appeal from a judgment divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment, and jurisdiction to consider such motions may be conferred on the trial court only through an order of the reviewing court. *Howard v. Catholic Social Serv. of Cuyahoga Cty, Inc.* (1994), 70 Ohio St.3d 141, 147, 637 N.E.2d 890, 895; *State ex rel. E. Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179, 181, 586 N.E.2d 105, 107. The Court of Claims therefore lacked jurisdiction to render its September 28, 1994 entry vacating its previous dismissal judgment when the dismissal was being appealed.

Nevertheless, after the appeal was dismissed, the court had jurisdiction to rule on the Civ.R. 60(B) motion, which it did on October 28, 1994 by refiling its earlier vacation entry.

{¶ 24} Relators claim that this reinstated entry was also entered without jurisdiction because their appeal from the earlier vacation entry was pending. However, since the mere reinstatement of the vacation entry was not an exercise of jurisdiction inconsistent with the court of appeals' jurisdiction to review the first vacation entry, the pendency of that appeal did not divest the Court of Claims of jurisdiction to reinstate its Civ.R. 60(B) ruling. See *Howard* and *Yee*, *supra*. Further, relators concede that their appeal has since been dismissed. Relators' third proposition is meritless.

{¶ 25} Since it is evident that the Court of Claims does not patently and unambiguously lack jurisdiction over the underlying case and relators have not established that a postjudgment appeal constitutes an inadequate alternate remedy, relators are not entitled to extraordinary relief.

{¶ 26} Accordingly, the writs of prohibition and mandamus are denied.

*Writs denied.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————