THE STATE EX REL. JONES, APPELLANT, *v.* MONTGOMERY COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Jones v. Montgomery Cty. Court of Common Pleas* (1996), 75 Ohio St.3d 642.]

(No. 96–584—Submitted May 7, 1996—Decided June 26, 1996.)

*David M. Jones, pro se.*

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Richard W. Divine,* Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.* The judgment of the court of appeals is affirmed for the reasons stated in its opinion. Jones possessed an adequate remedy in the ordinary course of law to obtain the requested transcripts, *i.e.,* his motion in the court of appeals in his pending appeal. See, generally, *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 592, 639 N.E.2d 1189, 1194–1195.

Jones's contention that his mandamus action took precedence over his subsequently filed motion for transcripts is meritless. See *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 557, 653 N.E.2d 366, 370, quoting *Oregon v. Dansack* (1993), 68 Ohio St.3d 1, 4, 623 N.E.2d 20, 22 ("[I]n mandamus actions, 'a court is not limited to considering facts and circumstances at the time a proceeding is instituted, but should consider the facts and conditions at the time it determines to issue a peremptory writ.'"). In addition, the mere fact that the court of appeals subsequently overruled Jones's motion for transcripts did not render that remedy inadequate. See *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 209, 648 N.E.2d 823, 827.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.