On February 3, 1999 pro-se Relator filed a Petition for Writ of Mandamus seeking an order to compel the Clerk and the Common Pleas Court to supplement the record of Common Pleas Case No. 96-CR-01 (Appeals Case Nos. 96 CO 44 and 98 CO 70) with a certain suppression hearing transcript that was ordered transcribed on June 12, 1996.
Attached to the Petition are copies of a June 12, 1996 order signed by the Common Pleas Court directing preparation of the suppression hearing transcript and to provide a copy to the Relator. Also attached to the Petition are copies of correspondence from counsel addressing the issue of the suppression hearing transcript.
As this original action is directly related to direct appeal Case No. 96 CO 44, it is instructive to review the filings therein. Notice of Appeal was filed therein on July 2, 1996. Four volumes of trial transcripts of proceedings were filed on March 18, 1997. Appellant filed assignments of error and brief on October 23, 1997. The State of Ohio filed an answer brief on March 2, 1998. On March 24, 1998 a decision panel was selected.
Subsequently, on July 31, 1998 appellant therein, by counsel, filed a motion to supplement the record to include such transcript. (Said Motion being filed in conformity with his letter to Relator evidencing an intention to file such motion). The motion to supplement filed in Case No. 96 CO 44 remains pending for decision.
In any event, Appeals Case No. 96 CO 44, has been fully briefed, was heard on the merits October 7, 1998 by a duly assigned panel to decide the case and remains pending for decision.
As defined by Section 2731.01 of the Ohio Revised Code:
 "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station."
It is a well established maxim of law that a writ of mandamus will be denied when an adequate remedy exists in the ordinary course of law. State ex rel. Jones v. Montgomery Cty. Court ofCommon Pleas (1996), 75 Ohio St.3d 642. In the underlying criminal appeal the trial court has already ordered production of the transcript of the suppression hearing. Accordingly, the trial court has taken action to provide the relief requested in this complaint. Clearly, the complaint fails against the trial court.
Whether a copy of the June 12, 1996 order was ever received by the office of the Columbiana County Court Reporter cannot be determined from the record before this court. However, it is also possible that the Court Reporter timely prepared the requested suppression hearing transcript and provided it to defense counsel before the actual trial took place. The fact that there is no file-stamped copy in the record does not mean that it has not been prepared.
For the reason that Relator has an available legal remedy through an appropriate motion filed in the trial court, or the appellate court (which he has already done), for completion of the record (See App. R. 9(E)] and for the additional reason that Relator has not demonstrated that a court-ordered transcript of proceedings has not yet been produced, the complaint in mandamus is dismissed.
Relator has not demonstrated entitlement to the relief requested. Moreover, the issue of supplementing the record will be addressed in Appeals Case No. 96 CO 44. Costs taxed against Relator.
Final order. Clerk to serve a copy on counsel or unrepresented party.
 ______________________ JUDGE GENE DONOFRIO
 ______________________ JUDGE J. VUKOVICH
 _______________________ JUDGE CHERYL L. WAITE