[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 548.]

THE STATE EX REL. WILSON, APPELLANT, *v.* SUNDERLAND, JUDGE, APPELLEE.

[Cite as *State ex rel. Wilson v. Sunderland*, 2000-Ohio-479.]

*Mandamus to compel common pleas court judge to grant relator's motion for a free trial transcript—Denial of writ affirmed.*

(No. 99-1720—Submitted November 30, 1999—Decided January 19, 2000.)

APPEAL from the Court of Appeals for Montgomery County, No. 17715.

————————————

{¶ 1} Appellant, Lawrence E. Wilson, was convicted of rape and sentenced to prison. On appeal, the court of appeals affirmed the judgment. *State v. Wilson* (Aug. 7, 1998), Montgomery App. Nos. 16728 and 16752, unreported, 1998 WL 639100. In October 1998, the trial court denied Wilson's delayed motion for a new trial. In November 1998, Wilson filed his notice of appeal from this denial. In December 1998, Wilson filed a motion in the trial court for the preparation of a transcript at state expense in conjunction with his appeal from the denial of his delayed motion for a new trial.

{¶ 2} On March 30, 1999, Wilson filed a complaint for a writ of mandamus to compel appellee, Montgomery County Common Pleas Court Judge David G. Sunderland, to grant his December 1998 motion for a transcript. The next day, March 31, 1999, the court of appeals affirmed the trial court's judgment denying Wilson's delayed motion for a new trial. *State v. Wilson* (Mar. 31, 1999), Montgomery App. No. 17515, unreported, 1999 WL 173551. On April 7, 1999, Judge Sunderland denied Wilson's motion for a transcript because his appeal was no longer pending. Judge Sunderland filed a motion to dismiss, or, in the alternative, for summary judgment. The court of appeals granted the motion and denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

---

*Lawrence E. Wilson, pro se.*

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Lisa K. North*, Assistant Prosecuting Attorney, for appellee.

---

**Per Curiam.**

**{¶ 4}** Wilson asserts that the court of appeals erred in denying the writ. For the following reasons, Wilson's assertions lack merit.

**{¶ 5}** To the extent that Wilson requested that Judge Sunderland rule on his motion for a free transcript, his claim was rendered moot when Judge Sunderland subsequently denied the motion. Mandamus will not issue to compel an act that has already been performed. *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 426, 704 N.E.2d 1223, 1224.

**{¶ 6}** In addition, although Wilson claimed he needed a copy of the transcript to help him prepare an appeal in the court of appeals, that appeal was no longer pending when the court of appeals denied the writ. *State ex rel. Call v. Zimmers* (1999), 85 Ohio St.3d 367, 368, 708 N.E.2d 711, 712; *State ex rel. Murr v. Thierry* (1987), 34 Ohio St.3d 45, 45, 517 N.E.2d 226, 226-227; see, also, *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 557, 653 N.E.2d 366, 370, quoting *Oregon v. Dansack* (1993), 68 Ohio St.3d 1, 4, 623 N.E.2d 20, 22 ("in mandamus actions 'a court is not limited to considering facts and circumstances at the time a proceeding is instituted, but should consider the facts and conditions at the time it determines to issue a peremptory writ' ").

**{¶ 7}** Finally, Wilson had an adequate remedy in the ordinary course of law to obtain the requested transcript, *i.e.*, a motion in the court of appeals in his appeal. *State ex rel. Jones v. Montgomery Cty. Court of Common Pleas* (1996), 75 Ohio St.3d 642, 643, 665 N.E.2d 673, 674.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————