MEMORANDUM OPINION
{¶ 1} Appellant, Teri Lynn Nemeth, appeals the March 21, 2008 judgment of the Geauga County Court of Common Pleas denying her seven post-divorce decree motions filed on March 19, 2008. These documents included "amendments" to appellant's motion for relief from judgment, which motion the trial court had previously denied on March 6, 2008; a "statement" regarding alleged missing testimony in the trial *Page 2 
transcript; and objections to the divorce decree.
 {¶ 2} Our review of the trial docket in the underlying case indicates that on March 21, 2008, the date of the trial court's judgment denying appellant's motions, appellant's appeal of the divorce decree was pending before this court in Nemeth v. Nemeth, 11th Dist. No. 2007-G-2791, 2008-Ohio-3263 ("Nemeth I"). Our review of the appellate docket shows that, prior to the issuance of our opinion in NemethI, the case had never been remanded to the trial court for the purpose of ruling on the seven pending motions, and appellant had never moved this court to remand the case to the trial court for that limited purpose.
 {¶ 3} As a general proposition, the taking of an appeal from a final order does not deprive a trial court of all jurisdiction over the subject case. Chase Manhattan Mtge. Corp. v. Urquhart, 12th Dist. Nos. CA2004-04-098 CA2004-10-271, 2005-Ohio-4627, at ¶ 28. Notwithstanding the filing of a notice of appeal, a trial court retains all jurisdiction which does not conflict with the ability of the appellate court to reverse, modify, or affirm the subject judgment. Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Thus, for example, a trial court retains the ability to enforce the appealed judgment so long as a stay of execution has not been issued. Chase Manhattan Mtge. Corp., supra. On the other hand, a trial court loses the ability to rule upon a Civ. R. 60(B) motion because the granting of such relief would conflict with the appellate court's jurisdiction to fully review the final order.State ex rel. Newton v. Court of Claims (1995), 73 Ohio St.3d 553, 558. An appeal divests trial courts of jurisdiction to consider Civ. R. 60(B) motions for relief from judgment. Howard v. Catholic SocialServices (1994), 70 Ohio St.3d 141, 147. Therefore, since the trial court did not have jurisdiction to rule on *Page 3 
appellant's Civ. R. 60(B) motion for relief from judgment, it did not have jurisdiction to consider her amendments to that motion.
 {¶ 4} Further, since the divorce decree was based on the trial transcript, appellant's attempt to alter that transcript by her "statement" would have conflicted with our ability to reverse, modify, or affirm the judgment. Thus, the trial court did not have jurisdiction to consider this statement.
 {¶ 5} Finally, as the trial court correctly noted, the Civil Rules do not allow for objections to a judgment. The appropriate action to challenge a judgment is an appeal, which was pending when the court denied appellant's motions. If the court had allowed appellant to file her objections, it would have been inconsistent with the finality of the divorce decree and our ability to reverse, modify, or affirm the divorce decree. The trial court therefore did not have jurisdiction to allow appellant to file her untimely objections to the divorce decree.
 {¶ 6} Pursuant to the foregoing discussion, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of a final appealable order.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1