[Cite as *State ex rel. Papa v. Starkey*, 2014-Ohio-2989.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE, ex rel. RONALD D. PAPA | : | | JUDGES: |
| | : | | |
| Relator | : | | |
| | : | | Hon. Patricia A. Delaney, P.J. |
| | : | | Hon. Sheila G. Farmer, J. |
| -vs- | : | | Hon. John W. Wise, J. |
| | : | | |
| RONALD STARKEY, et al. | : | | |
| | : | | CASE NO. 2014CA00001 |
| | : | | |
| Respondents | : | | |
| | : | | OPINION |

CHARACTER OF PROCEEDING:　　　　Petition for Writ of Mandamus

JUDGMENT:　　　　　　　　　　　　DISMISSED

DATE OF JUDGMENT ENTRY:　　　　June 30, 2014

APPEARANCES:

For Relator:

Ronald D. Papa
c/o Hilton Place Inn
3325 Fortuna Drive
Green, Ohio 44312

For Respondent:

Ronald K. Starkey (0059174)
Adam M. Runkle (0087949)
11366 Cleveland Ave. N.W.
Suite  A
Uniontown, Ohio 44685

*Delaney, J.*

{¶1} Relator, Ronald D. Papa, has filed a Complaint for Writ of Mandamus requesting this Court to order Respondents to provide Relator with certain requested public records.  Respondents have filed a motion to dismiss for failure to state a claim upon which relief may be granted.  Relator has filed a reply to the motion.

{¶2} "'Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.' *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006–Ohio–903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C). The Public Records Act implements the state's policy that 'open government serves the public interest and our democratic system.' *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006–Ohio–1825, 848 N.E.2d 472, ¶ 20. 'Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records.' *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008–Ohio–4788, 894 N.E.2d 686, ¶ 13." *State ex rel. Perrea v. Cincinnati Pub. Schools,* 123 Ohio St.3d 410, 2009–Ohio–4762, 916 N.E.2d 1049 at ¶ 13.

{¶3}  It is undisputed at the time of his request, Relator was incarcerated at the Richland Correctional Institution in Mansfield, Ohio.

{¶4} The Ohio Public Records Act imposes restrictions upon inmates seeking certain public records.  R.C. 149.43(B)(8) provides,

> A public office or person responsible for public records is not required to
> permit a person who is incarcerated pursuant to a criminal conviction or a
> juvenile adjudication to inspect or to obtain a copy of any public record

concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person. R.C. § 149.43.

{¶5} As the Supreme Court has observed, ""R.C. 149.43(B)(4) clearly sets forth heightened requirements for inmates seeking public records. The General Assembly's broad language clearly includes offense and incident reports as documents that are subject to the additional requirement to be met by inmates seeking records concerning a criminal investigation or prosecution. The General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 856 N.E.2d 966, 2006-Ohio-5858.

{¶6} Relator did not seek a finding from the sentencing court allowing him to obtain copies of the requested public records.

{¶7} Relator argues the Supreme Court has interpreted the requirement to obtain a judicial finding in R.C. 149.43(B)(8) as not being mandatory. He further suggests the statute only requires a judicial finding when an inmate seeks records from his own case.

{¶8}  Relator's argument is based upon the Supreme Court's holding in *State ex rel. Fernbach v. Brush* wherein the Supreme Court held, "R.C. 149.43(B)(8) requires an incarcerated criminal offender who seeks records relating to an inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim. *State ex rel. Chatfield v. Flautt,* 131 Ohio St.3d 383, 2012-Ohio-1294, 965 N.E.2d 304. Fernbach did not obtain such a finding."  *State ex rel. Fernbach v. Brush*, 2012-Ohio-4214, 133 Ohio St. 3d 151, 152, 976 N.E.2d 889.

{¶9} The records requested in *Fernbach* happened to be records from the inmate's own case.  The plain language of the statute does not limit the need to obtain a judicial finding only when an inmate is requesting his own records.  We find *Fernbach* stands only for the proposition that an inmate must first obtain a judicial finding pursuant to R.C. 149.43(B)(8) prior to establishing a claim for mandamus.  The reference to the inmate's own records in the *Fernbach* opinion is merely incidental to the facts of that case.

{¶10}  For this reason, we find Relator has failed to state a claim upon which relief may be granted and grant Respondents' motion to dismiss.

By:  Delaney, P.J.
     Farmer, J. and
     Wise, J. concur