[Cite as *State v. Bozek*, 2016-Ohio-1365.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-P-0055** |
| LAWRENCE J. BOZEK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2010 CR 0295.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Lawrence J. Whitney,* Lawrence J. Whitney Co., L.P.A., 137 South Main Street, #201, Akron, OH 44308 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Lawrence Bozek, appeals the judgment of the Portage County Court of Common Pleas denying his joint motion for a new trial and to vacate his sentence following his guilty plea to two counts of attempted murder. The issue before us is whether the instant appeal is moot. For the reasons that follow, we hold that it is and dismiss.

{¶2} Appellant was charged in an indictment and a supplemental indictment with two counts of purposely attempting to murder his wife, Melinda Bozek; two counts of attempted felony murder; two counts of felonious assault; and one count of kidnapping, each count including a firearm specification. Appellant pled not guilty.

{¶3} On August 13, 2010, pursuant to the parties' plea bargain, appellant pled guilty to one count of attempted murder (committed purposely) and one count of attempted felony murder and to the firearm specification included in each of these counts. As part of the plea bargain, the parties also entered a joint sentencing agreement. In exchange for appellant's guilty plea, the state agreed to move to nolle the remaining counts. The trial court accepted the plea; found appellant guilty; and dismissed the remaining counts pursuant to the state's motion. Pursuant to the parties' joint sentencing agreement, the court sentenced appellant to seven years in prison for each count of attempted murder and three years in prison for each specification. Each term was ordered to be served consecutively to the other, for a total of 20 years in prison. Appellant did not file a direct appeal.

{¶4} On November 23, 2011, appellant filed his first petition for post-conviction relief. He argued that while his petition was untimely, he was unavoidably prevented from discovering facts on which he needed to rely to timely present his claim. With respect to his substantive claim, appellant argued his trial attorney was ineffective because he did not adequately advise him regarding his eligibility for judicial release.

{¶5} Further, while appellant's petition was pending in the trial court, on December 1, 2011, 16 months after his conviction, appellant filed a motion for delayed

appeal in this court, attempting to appeal the trial court's August 13, 2010 sentencing entry.

{¶6} In *State v. Bozek*, 11th Dist. Portage No. 2011-P-0101, 2012-Ohio-870 ("*Bozek I*"), *discretionary appeal not allowed by the Supreme Court of Ohio at* 2012-Ohio-3054, this court denied appellant's motion for delayed appeal. *Bozek* at ¶7.

{¶7} Meanwhile, on December 5, 2014, the trial court held a status conference on appellant's petition for post-conviction relief. At that conference, the parties discussed *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, in which the Supreme Court of Ohio had recently held that attempted felony murder is not a cognizable crime in Ohio because it is impossible to commit. *Id.* at ¶5.

{¶8} On December 9, 2014, the trial court granted appellant's motion to withdraw his petition for post-conviction relief. Two months later, on January 29, 2015, appellant filed his second petition for post-conviction relief. In it, appellant incorporated his first petition by reference and added a second claim for re-sentencing under *Nolan, supra*. The trial court overruled the petition without a hearing. Appellant appealed the trial court's judgment denying his second petition for post-conviction relief in *State v. Bozek*, 11th Dist. Portage No. 2015-P-0018 ("*Bozek II*"), arguing the trial court erred when it failed to re-sentence him since he pled guilty to a crime that is not legally cognizable.

{¶9} While *Bozek II* was pending, on June 25, 2015, appellant filed a motion for new trial/motion to vacate sentence in the trial court. The court entered judgment on July 1, 2015, denying said motion without a hearing. Appellant now appeals the trial

3

court's denial of his motion for new trial/motion to vacate sentence, asserting the following for his sole assignment of error:

{¶10} "The trial court erred when it failed to grant appellant's motion to vacate his sentence and grant him a new trial for reason [sic] that the appellant plead guilty to a crime that is not cognizeable."

{¶11} The state argues the trial court lacked jurisdiction to rule on appellant's motion for new trial/motion to vacate sentence because it was inconsistent with this court's jurisdiction in *Bozek II*. We agree.

{¶12} As a general proposition, an appeal of a final order does not deprive a trial court of all jurisdiction over the subject case. *Nemeth v. Nemeth*, 11th Dist. Geauga No. 2008-G-2830, 2008-Ohio-4674, ¶3. Despite the filing of a notice of appeal, a trial court retains all jurisdiction which does not conflict with the ability of the appellate court to reverse, modify, or affirm the subject judgment. *Id*., citing *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990). "On the other hand, a trial court loses the ability to rule on [a motion to vacate a final order] because the granting of such relief would conflict with the appellate court's jurisdiction to fully review the final order." *Nemeth, supra*, citing *State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 558 (1995). "An appeal divests trial courts of jurisdiction to consider * * * motions for relief from judgment." *Nemeth, supra,* citing *Howard v. Catholic Social Services*, 70 Ohio St.3d 141, 147 (1994). Since the trial court did not have jurisdiction to rule on appellant's motion to vacate his sentence while *Bozek II* was pending, the trial court's judgment denying appellant's motion was void. *State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3232, 2015-Ohio-3215, ¶14.

4

**{¶13}** Here, appellant's motion for new trial/motion to vacate sentence was inconsistent with this court's jurisdiction in *Bozek II* because, if that motion was granted, it would conflict with this court's ability to vacate appellant's sentence. Therefore, since the trial court did not have jurisdiction to rule on appellant's motion for new trial/motion to vacate, the court's entry denying the motion was not a final, appealable order. *Nemeth, supra,* at ¶6.

**{¶14}** In addition, in appellant's present appeal, he makes the same argument he asserted in *Bozek II*, namely, that because he pled guilty to attempted felony murder, which is not a legally cognizable offense, his conviction is void and should be vacated and he should be re-sentenced.

**{¶15}** However, this court has already granted appellant the relief he requests in the instant case. Specifically, in *Bozek II*, this court held: "[A]ppellant's guilty plea is void in its entirety and vacated as to all parts. On remand, the parties shall be in the same position as if no plea agreement had been entered and the trial court had not taken any action on the plea, and all counts of the indictment and the supplemental indictment shall be reinstated." *Id.* at ¶27.

**{¶16}** Generally, courts will not resolve issues that are moot. Actions are moot "'when they are or have become * * * hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations. * * *.'" *Grove City v. Clark*, 10th Dist. Franklin No. 01AP-1369, 2002-Ohio-4549, ¶11, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (11th Dist.1948). A case is moot when there is no longer a matter in controversy. *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio

5

St.3d 407, 2010-Ohio-1844, ¶10. Under such circumstances, a court should dismiss the case. *Id.*

{¶17} "The doctrine of mootness is rooted both in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. * * * While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." (Citations omitted.) *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). A court is required to "'decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *BECDIR Construction Co. v. Proctor*, 144 Ohio App.3d 389, 393 (10th Dist.2001), quoting *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74 (1990).

{¶18} Because this court in *Bozek II* gave appellant the same relief he now seeks in the present appeal, there is no longer a matter in controversy before us and this appeal is moot. Moreover, the trial court's judgment denying appellant's motion to vacate his sentence is not a final, appealable order.

{¶19} For the reasons stated in the opinion of this court, it is the judgment and order of this court that the appeal is dismissed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.