[Cite as *Tingler v. Ottawa Cty. Prosecutor's Office*, 2017-Ohio-8451.]

| | |
|---|---|
| CHARLES L. TINGLER | Case No. 2017-00248-PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| OTTAWA COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

{¶1} On February 7, 2017, requester Charles Tingler made a public records request to the Ottawa County Prosecutor's Office for "all documentary reports regarding a 2011 investigation of Magistrate Sarah Nation." On February 10, 2017, Ottawa County Prosecutor James VanEerten responded:

 a. "Unfortunately we are unable to provide any documents that are responsive to your request. The documents that are currently possessed by this office are exempted from disclosure pursuant to Ohio Revised Code Sections 149.43 (A)(1)(h), 149.43(A)(1)(p), 149.43(A)(2) and 2151.421."

{¶2} On March 17, 2017, Tingler filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B), attaching copies of his public records request and the response letter. A mediation session was scheduled for April 20, 2017, but Tingler failed to appear. The court was notified that the case was not resolved and that mediation was terminated. On May 5, 2017, the Prosecutor's Office filed a verified response and motion to dismiss. Pursuant to R.C. 2743.75 (E)(3)(c), the special master directed the Prosecutor's Office to file an authenticated and unredacted copy of all investigative documents regarding the 2011 investigation referenced in the complaint, with an affidavit detailing how any specific portions of the investigative records are excepted by each claimed exception. On July 18, 2017, the Prosecutor's Office completed its filings in response to the order. On July 28, 2017, the

Prosecutor's Office filed a renewed motion to dismiss.  By order dated August 7, 2017, requester was given the opportunity to reply to respondent's public filings, and on August 25, 2017, Tingler filed his reply.

{¶3} R.C. 2743.75(F)(1) states that public records claims filed thereunder are to be determined through "the ordinary application of statutory law and case law."  Case law regarding the alternative statutory remedy of a mandamus action[1] provides that a relator must establish by "clear and convincing evidence" that they are entitled to relief. *State ex rel. Miller v. Ohio State Hwy. Patrol,* 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.  Therefore, the merits of this claim shall be determined under the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

{¶4} The remedy of production of records is available under R.C. 2743.75 if "the court of claims determines that the public office or person responsible for the public record denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code * * *."  R.C. 2743(F)(3).  R.C. 149.43(B)(1) requires public offices to make public records available to any person upon request.  There is no dispute that the Ottawa County Prosecutor's Office is a public office, that the requested information exists in records kept by the Prosecutor's Office, that the request of February 7, 2017 reasonably identifies the information sought, and that the Prosecutor's Office denied the request in its entirety.  I conclude that Tingler's letter contains a sufficiently specific request for public records, subject to any valid exemption or exception to disclosure.

**Respondent's Motion to Dismiss Based on Changed Circumstances**

{¶5} On October 31, 2016, Tingler was sentenced to a prison term of four years pursuant to criminal conviction in Ottawa Co. Case No. 2014-CR-00044 CRCI.  That sentence was suspended and Tingler was placed on community control. (Requester's

---

[1] Formerly R.C. 149.43(C)(1), recodified in 2016 as R.C. 149.43(C)(1)(b), 2016 Sub.S.B. No. 321.

brief, September 13, 2017, p. 1; Respondent's response, September 15, 2017, p. 1.) Tingler was not incarcerated on the date of the February 7, 2017 public records request. *Id.* However, Tingler was subsequently convicted of probation violation and conveyed to prison on June 30, 2017 *(Id.*, Disposition entry.), where he remains at present.

{¶6} On July 28, 2017, respondent filed a renewed motion to dismiss asserting that it is not required to permit Tingler, as a person incarcerated pursuant to a criminal conviction, to obtain records of a criminal investigation.[2]  R.C. 149.43(B)(8) provides:

> b. "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."

This restriction applies to an inmate's request for records of any criminal investigation, not just those from his own case.  *State ex rel. Papa v. Starkey*, 5th Dist. Stark No. 2014CA00001, 2014-Ohio-2989.  Tingler has not sought any finding from his sentencing judge with respect to the requested records.  *State v. Lather*, 6th Dist. Sandusky No. S-08-036, 2009-Ohio-3215, ¶ 8-18.

{¶7} Tingler argues that his status at the time the request was made, rather than at the time the court renders a decision on production, controls the duty of the office to produce the records.  However, Tingler's intervening violation of the terms of his probation, resulting in his incarceration, changed the material facts and circumstances surrounding the request, bringing it squarely within the terms of R.C. 149.43(B)(8).  A

---

[2] Respondent did not assert this exemption in its February 10, 2017 response to Tingler's request.  However, the explanation provided when denying a public records request "shall not preclude the public office * * * from relying upon additional reasons or legal authority in defending an action commenced under division (C) of this section." R.C. 149.43(B)(3).

requester's status as an incarcerated person is not merely incidental or irrelevant to the purposes of the statute.  In applying the identical language of former R.C. 149.43(B)(4), the Ohio Supreme Court stated that "our paramount concern in construing a statutory provision is legislative intent," *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 11.  The Court noted that "[t]he language of the statute is broad and encompassing," and held that here, "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources."  *Id.* at ¶ 14.  The language of the statute "clearly was drafted to restrict the ability of inmates to obtain what would otherwise be easily obtainable by noninmates."  *Id.* at ¶ 15.  The statutory wording does not confer just an office's right to deny a request at the time it is made, but broadly restricts the ability of inmates to "access" and "obtain" records while incarcerated.  *Id.* Thus, ordering the Prosecutor's Office to deliver criminal investigation records to Tingler in prison would violate its statutory right not "to permit a person who is incarcerated * * * to inspect or to obtain a copy of" such records.

{¶8} All of the responsive records fall within the scope of R.C. 149.43(B)(8). Tingler requested from the Prosecutor's Office all documentary reports "regarding" a 2011 investigation of child abuse (Complaint; Respondent's verified response, May 17, 2017, p. 1.).  The Supreme Court has determined that the type of records exempted from inmate requests, i.e., "any record *concerning* a criminal investigation," is much broader than the investigatory records exception in R.C. 149.43(A)(2)(c) ("*investigatory work product*"):

> c. "The General Assembly's broad language clearly includes offense and incident reports as documents that are subject to the additional requirement to be met by inmates seeking records concerning a criminal investigation or prosecution."

*State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 14.  Applying the above standard, and upon review of the documents and audio recordings filed under

seal with the court, I find that all of the responsive records are items "concerning a criminal investigation."[3]

**Requester's Motion to Dismiss**

{¶9} Although not phrased as a motion to dismiss, Tingler makes the following request regarding the effect of his status change to an incarcerated person: "Requester asks this Court to view this case as one of first impression and to rule accordingly." (Requester's Brief, September 13, 2017, p. 2.) Tingler's request is an apparent reference to R.C. 2743.75(C)(2), which provides:

> d. "(2) If the allegedly aggrieved person files a complaint under this section and the court of claims determines that the complaint *constitutes a case of first impression that involves an issue of substantial public interest*, the court shall dismiss the complaint without prejudice and direct the allegedly aggrieved person to commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in division (C)(1) of section 149.43 of the Revised Code."

(Emphasis added.) However, the special master is persuaded that the circumstances here do not constitute "a case of first impression," i.e., a "case that presents an entirely novel question for the decision of the court, and cannot be governed by any existing precedent." *Black's Law Dictionary* 635 (6th Ed. 1990). *See State ex rel. Wilson v. Sunderland*, 87 Ohio St.3d 548, 549, 721 N.E.2d 1055 (2000) (inmate's claim for trial transcript, valid when made, no longer enforceable under circumstances at the time the court determined the writ); *State ex rel. Ohio Republican Party v. FitzGerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, 47 N.E.3d 124, ¶¶ 24, 27-28 ("At the time of the request, R.C. 149.433 exempted [County Executive] FitzGerald's key-card-swipe data from disclosure * * * [B]ecause FitzGerald is no longer the county executive, the key-card-swipe data are no longer security records."); *State ex rel. Blandin v. Beck*, 114 Ohio St.3d 455, 2007-Ohio-4562, 872 N.E.2d 1232, ¶ 19; *Oregon v. Dansack*,

---

[3] This conclusion does not require any finding regarding the application of the "investigatory work product" exception in R.C. 149.43(A)(2)(c), and no such finding is made or implied.

68 Ohio St.3d 1, 4, 623 N.E.2d 20 (1993) (in mandamus, court is not limited to considering the facts and circumstances at the time the proceeding was instituted, but should consider the facts and conditions at the time it determines the writ).

{¶10} Further, and independently fatal to Tingler's request, he fails to argue or support the conjunctive requirement for dismissal under R.C. 2743.75(C)(2) that the case "involves an issue of substantial public interest." There is no evidence that a substantial number of people are or will be affected by this issue, or that substantial harm is occurring or is about to occur. *See New Albany Park Condo. Ass'n v. Lifestyle Cmtys., LTD,* 195 Ohio App.3d 459, 468, 2011-Ohio-2806, 960 N.E.2d 992, ¶ 19 (10th Dist.). I therefore recommend that requester's implied motion to dismiss pursuant to R.C. 2743.75(C)(2) be DENIED.

{¶11} I conclude that under the facts and circumstances existing at the time of this recommendation, the Ottawa County Prosecutor's Office is not required to permit Tingler to inspect or copy the withheld records. I therefore recommend that the complaint in this matter be DISMISSED for failure to state a claim for which relief may be granted. Civ.R. 12(B)(6). In light of the recommendation to dismiss this action in its entirety on the basis of R.C. 149.43(B)(8), it is unnecessary to address the merits of the other statutory exceptions asserted by respondent.

{¶12} I note that public records law does not deny Tingler future opportunities to request these records. First, R.C. 149.43(B)(8) provides that he may seek a finding from the sentencing court at any time that the information requested from the Prosecutor's Office is necessary to support what appears to be a justiciable claim. Second, upon the termination of Tingler's status as an incarcerated person he may choose to make a new public records request.

**Conclusion**

{¶13} Upon consideration of the pleadings and attachments, I find that Tingler has failed to establish by clear and convincing evidence that the Prosecutor's Office

violated division (B) of R.C. 149.43. I recommend that the court issue an order DISMISSING the complaint for failure to state a claim.

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFFERY W. CLARK
Special Master

cc:

Charles L. Tingler
Ottawa County Jail
315 Madison Street, Room 110
Port Clinton, Ohio 43452

James VanEerten
Ottawa County Prosecutor
315 Madison Street, 2nd Floor
Port Clinton, Ohio 43452

Charles L. Tingler, #A670-915
Loraine Correctional Facility
2075 South Avon Belden Road
Grafton, Ohio 44044

**Filed October 20, 2017**
**Sent to S.C. Reporter 11/7/17**