JOURNAL ENTRY AND OPINION
Defendant-appellant 10630 Berea Road, Inc., dba U41A Nightclub, appeals from the trial court's granting of plaintiff-appellee Mikhael Landzberg's motion to disqualify attorney Timothy Gallagher and his employer law firm, Schwarzwald, Rock McNair, L.P.A. (the "Firm"), as defense counsel. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that appellee, claiming that he had been assaulted on the premises of appellant, filed his complaint for premises liability and negligent security against appellant on June 4, 1999 ("Landzberg I"). On November 30, 1999, attorney Mark Rock, of the Firm, filed (1) an entry of appearance as counsel and (2) a request for an extension of time to plead on behalf of appellant. On December 9, 2000, attorney Gallagher, of the Firm, with leave of court, filed an answer to the complaint on behalf of appellant. Thereafter, attorney Rock acted as defense counsel and conducted the appellee's deposition. On August 29, 2000, after being denied an extension of time to conduct discovery, appellee voluntarily dismissed his action without prejudice.
On December 14, 2000, appellee re-filed his action ("Landzberg II"). On January 22, 2001, attorney Gallagher, of the Firm, filed an answer to the re-filed complaint. Thereafter, discovery responses by attorney Gallagher indicated that attorney Rock was a shareholder and co-manager in the appellant nightclub, and was present at the nightclub at the time of appellee's assault as the manager on duty.
On April 2, 2001, appellee filed his motion to disqualify the Firm and attorney Gallagher as defense counsel pursuant to DR 5-101(B) and 5-102(A) alleging that attorney Rock would be a material witness in the case.[1] On April 9, 2001, the defense filed a brief in opposition to disqualification. On April 17, 2001, the date the motion to disqualify was scheduled for oral hearing, the court met with counsel for the parties in-chambers without the presence of a court reporter. At this in-chambers meeting, the parties agree that they argued the issue of disqualification and responded to questioning by the trial judge. Later that day, the trial court granted the motion to disqualify counsel and ordered appellant to obtain new counsel by April 30, 2001. This disqualification order was journalized on April 19, 2001.
Instead of retaining new counsel, appellant filed its notice of appeal on April 27, 2001 from the April 19, 2001 order granting disqualification. Also on April 27, 2001, appellant filed a motion with the trial court seeking to stay the order of disqualification pending appellate review.[2] The record was filed on May 24, 2001 pursuant to App.R. 10.
Thereafter, the parties jointly agreed to a statement of the evidence and proceedings pursuant to App.R. 9(C), which was to serve as the transcript of what had occurred at the in-chambers meeting on the motion to disqualify. This statement, by way of motion, was then submitted on May 25, 2001 to the trial court for3 settlement and approval.[3]
On July 26, 2001, and while the appeal was pending, the trial court convened to hear the motion to settle and approve the 9(C) statement but, instead, conducted a recorded hearing during which it essentially re-heard the arguments of counsel concerning the motion to disqualify counsel, took no sworn testimony from any witnesses, and thereafter clarified the motion ruling in lieu of approving a statement pursuant to App.R. 9(C). See Tr. 22.[4] After this hearing, the trial court re-affirmed its previous granting of the motion to disqualify. See order dated July 27, 2001 (an unjournalized carbon copy of the status form order is in the trial court's file; however, the trial court case file in the record on appeal does not contain the journalized original of this status form entry, and the computer print-out docket in the record on appeal does not contain an entry for this particular order).
Appellant presents ten assignments of error for review, see appellant's brief at 1-2, yet appellant does not separately state and argue the assignments of error in the argument section of its appellate brief as required by App.R. 16(A)(7). Instead, the argument section of appellant's brief contains a series of eight headings, identified as A through H, with each heading having accompanying argument. See appellant's brief at 10-16. The language used in these eight headings do not correspond to the language of the stated assignments, nor does it correspond to the statement of issues presented for review. Despite these briefing irregularities by appellant, the general theme of eight of appellant's assignments, and the arguments presented under the eight headings, attacks the granting of the motion to disqualify defense counsel. Two of the appellant's assignments attack the failure of the trial court to settle and approve the proposed 9(C) statement. Therefore, the assignments will, in large measure, be discussed jointly under two groups of analysis.
The two assignments, which take issue with the trial court's failure to settle and approve the proposed 9(C) statement, will be dealt with first. These two assignments provide:
 7. THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT'S MOTION FOR APPROVAL OF APPELLATE RULE 9(C) STATEMENT.
 8. THE TRIAL COURT ERRED IN NOT APPROVING THE JOINT STATEMENT OF THE EVIDENCE AND PROCEEDINGS PURSUANT TO APPELLATE RULE 9(C) THAT WAS SUBMITTED BY THE PARTIES.
The order appealed from is the April 19, 2001 order of disqualification. The July 2001 order denying as moot the motion to settle and approve the proposed App.R. 9(C) statement was not appealed by appellant under a separate notice of appeal, nor has appellant filed a motion with this appellate court seeking the amendment of its original notice of appeal to include the ruling on the 9(C) statement. Lacking the filing of a notice of appeal containing this 9(C) order as the order appealed from, this appellate court lacks jurisdiction to review that order. See App.R. 3(A), (D), and (F), and 12(A). Furthermore, since the proposed 9(C) statement, which was filed by appellant in this appeal, was not settled and approved by the trial court, it is not now properly included in the record on appeal.
Assignments 7 and 8 are overruled.
The assignments which deal directly with the granting of the motion to disqualify counsel include the following:
 1. THE TRIAL COURT ERRED IN DISQUALIFYING COUNSEL WITHOUT A SUFFICIENT FACTUAL RECORD.
 2. THE TRIAL COURT ERRED IN RELYING ON MERE ALLEGATIONS OF A CONFLICT WHEN IT DISQUALIFIED COUNSEL.
 3. THE TRIAL COURT ERRED IN DISQUALIFYING COUNSEL WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
 4. THE TRIAL COURT ERRED IN CONDUCTING A HEARING AFTER IT HAD ALREADY RULED AND DISQUALIFIED COUNSEL.
 5. THE TRIAL COURT ERRED IN CONDUCTING A HEARING ON PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL WHEN IT LACKED JURISDICTION DUE TO THE PENDENCY OF THIS APPEAL.
 6. THE TRIAL COURT ERRED BY MAKING AN ERRONEOUS FINDING OF FACT (THAT SIGNIFICANT DISCOVERY HAD OCCURRED IN THE PREDECESSOR CASE TO THE INSTANT MATTER) UPON WHICH IT RELIED IN DISQUALIFYING COUNSEL.
 9. THE TRIAL COURT ERRED IN NOT CONCLUDING THAT THE EXCEPTIONS TO DISCIPLINARY RULE 5-102(A) FOUND IN DISCIPLINARY RULE 5-101(B)(1) AND (B)(2) ALLOWED APPELLANT'S COUNSEL TO CONTINUE REPRESENTING APPELLANT.
 10. THE TRIAL COURT ERRED IN NOT ADHERING TO THE PROCEDURE MANDATED BY THE OHIO SUPREME COURT IN MENTOR LAGOONS, INC. V. RUBIN (1987), 31 OHIO ST.3d 256 IN DISQUALIFYING COUNSEL.
Prior to discussing the issues raised by these remaining assignments of error, we are guided by the following:
 A trial court has the "inherent authority to regulate the practice before it and protect the integrity of its proceedings * * * including the authority and duty to see to the ethical conduct of attorneys." Mentor Lagoons v. Rubin (1987), 31 Ohio St.3d 256, 259, 510 N.E.2d 379. A trial court has "wide discretion in the exercise of its duty to supervise members * * * and the courts (sic) [disqualification of an attorney] will not be disturbed absent a showing that the court abused its discretion." Maple Hts. v. Redi Car Wash
(1988), 51 Ohio App.3d 60, 61, 554 N.E.2d 929, citing Royal Indemnity Co. v. J.C. Penney Co. (1986), 27 Ohio St.3d 31, 35-36, 501 N.E.2d 617. An abuse of discretion connotes more than an error of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140, citing State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
Thomas L. Meros Co., LPA v. Grange Mutual Casualty Co. (Cuyahoga, 1999), 134 Ohio App.3d 299, 301-302.
The first issue to discuss is one of trial court jurisdiction. Specifically, the issue is appellant's argument that the trial court lacked jurisdiction to conduct the July 26, 2001 "clarification" hearing on disqualification due to the pendency of this appeal. See assignments 4 and 5.
"When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." State ex rel. Newton v. Courtof Claims (1995), 73 Ohio St.3d 553, 558, citing Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Also, the reinstatement of a previously entered order is "not an exercise of jurisdiction inconsistent with the court of appeals' jurisdiction to review the first" entry. Id., citing Yee, supra, and Howard v. Catholic Social Serv. ofCuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141.
The trial court's action in July of 2001 reinstating the order disqualifying counsel subsequent to clarifying its prior ruling on the record was not inconsistent with this appellate court's jurisdiction to review the original order of disqualification. The outcome of the motion to disqualify remained the same, and the recorded clarification of the arguments put to the trial court and the court's reasoning only aids our review of whether the court abused its discretion in disqualifying defense counsel. Therefore, assignments 4 and 5 are overruled.
The next issue to be addressed is whether the trial court failed to conduct an evidentiary hearing on the motion to disqualify. See assignment 3. Appellant argues that the in-chambers proceeding should not qualify as an evidentiary hearing because no witness testimony was taken under oath and no exhibits were submitted; in effect, it is argued that this in-chambers proceeding was nothing more than an "amplification of the arguments made in the parties' briefs" associated with the motion to disqualify. See appellant's brief at 14. Next, appellant argues that the later "clarification" hearing does not qualify as a proper hearing on the motion because of a similar lack of witness testimony and a failure to take evidence. See appellant's brief at 14-15. Both of these arguments presuppose that a full-blown evidentiary hearing is necessary on all motions to disqualify counsel.
Appellant relies upon Ross v. Ross (1994), 94 Ohio App.3d 123, for the proposition that an evidentiary hearing by the trial court, with witnesses giving sworn testimony, is necessary on a motion to disqualify counsel. See appellant's brief at 14.
In Ross, the plaintiffs-appellants, who were next-of-kin of the decedent (James Ross), had filed an (1) action in malpractice against the law firm that had represented the decedent's widow and executor (Frances Ross) in the widow'/executor's probate estate and wrongful death action, and (2) an action against the widow/executor alleging breach of fiduciary duty in the handling of the decedent's probate estate. Defendant-appellee law firm filed a motion to disqualify plaintiffs'-appellants' counsel because that attorney had represented the next-of-kin appellants during the probate and wrongful death actions filed on behalf of the widow/executor, and was likely to be called as a witness in the Ross
action filed by the next-of-kin because that attorney had personal knowledge of the alleged acts of malpractice therein. The trial court,without a hearing of any sort, summarily granted the motion to disqualify appellant's counsel. On appeal, this court, noting that the purpose of DR 5-101 and 5-102 is "to protect the attorney's own client and preserve the integrity of the legal profession," reversed the granting of the next-of-kins' counsel's disqualification based on DR 5-102, concluding that "it is reversible error for the trial court to summarily disqualify
an attorney solely on a paper allegation without a hearing. (Italicization added.)" Ross, 94 Ohio App.3d at 130, citing MentorLagoons, Inc. v. Rubin (1987), 31 Ohio St.3d 256, 258. The court then explained that a hearing was necessary in order for the trial court to determine whether counsel's testimony would be prejudicial to his client and whether such testimony would qualify as an exception to disqualification under DR 5-101(B)(1)-(4). Id. Significantly, while the Ross court did mandate that a hearing be conducted, it did not mandate the manner in which that hearing was to be conducted.
In University Carnegie Medical Partners Assn. v. Weiss Kramer, Inc. (Jun. 23, 1994), Cuyahoga App. No. 65422, unreported, 1994 Ohio App. LEXIS 2690, this court determined that an oral hearing is not required on a motion to disqualify counsel where it is evident that the failure to conduct a hearing caused no prejudice to the appellant in that the trial court had before it sufficient evidence to determine that the exceptions to DR 5-101(B)(1)-(4) do not apply. If it is clear from the relationship of the parties that a conflict under the Disciplinary Rules exists in the continued representation, the holding of a hearing would not have altered the court's decision; thus, there is no demonstration that the court abused its discretion by granting a motion to disqualify without a hearing. See Abadir v. Fanous (Sept. 18, 1997), Cuyahoga App. No. 71871, unreported, 1997 Ohio App. LEXIS 4250 at 9, citing University CarnegieMedical Partners Assn., supra.
In light of the obvious conflict presented by the appellant's choice of representation, and Loc.R. 11(A) of the Cuyahoga County Common Pleas Court, General Division[5], either of the two hearings on the motion to disqualify counsel herein qualifies as a sufficient hearing. Even if the court should have conducted a more extensive hearing with the presentation of witness testimony, appellant cannot demonstrate prejudice or an abuse of the court's discretion in having granted the motion to disqualify; the result of such a hearing would not have changed the court's ruling.
The court's ruling on the motion to disqualify counsel was proper under the facts presented to the trial court. The probability that attorney Rocks would be called to testify in the pending case is a near certainty since attorney Rock is a shareholder in the appellant's nightclub and was the manager on duty on the night of appellee's assault. Rock's testimony would understandably center on the events surrounding the appellee's assault and the provision of allegedly negligent security at the nightclub, areas which are key to any recovery by appellee. No additional testimony at the motion hearing would have altered this conclusion by the trial court. The exceptions contained in DR 5-101(B)(1)-(4) simply do not apply with regard to the reasonably anticipated testimony which attorney Rock would provide as a witness in this contested case. Absent the applicability of these exceptions, DR 5-102(A) mandates that attorney Rock and his law firm discontinue representation in the case.
The remaining assignments are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TERRENCE O'DONNELL, J., and DIANE KARPINSKI, J., CONCUR.
[1] DR 5-101(B)(1)-(4) states the following:
 DR 5-101 REFUSING EMPLOYMENT WHEN THE INTERESTS OF THE LAWYER MAY IMPAIR THE LAWYER'S INDEPENDENT PROFESSIONAL JUDGMENT.
* * *
 (B) A lawyer shall not accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or a lawyer in the firm ought to be called as a witness, except that the lawyer may undertake the employment and the lawyer or a lawyer in the firm may testify:
 (1) If the testimony will relate solely to an uncontested matter.
 (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
 (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the firm to the client.
 (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case.
DR 5-102(A) provides:
 DR 5-102 WITHDRAWAL AS COUNSEL WHEN THE LAWYER BECOMES A WITNESS.
 (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
[2] The transcript from the July 26, 2001 hearing before the trial court, discussed infra, indicates that the stay was granted by the trial court, but there is no order for staying the matter in the record on appeal.
[3] Pursuant to App.R. 9(C), a trial court must settle and approve a 9(C) statement prior to the time the record is transmitted to the appellate court. This proposed App.R. 9(C) statement was never settled and approved by the trial court, let alone prior to the transmission of the record. The motion to settle and approve the proposed 9(C) statement was denied as moot on July 26, 2001. Appellant filed this unapproved 9(C) statement with this appellate case on July 30, 2001.
[4] The transcript from this hearing was filed with this appellate court on July 30, 2001.
[5] Loc.R. 11(A) of the Cuyahoga County Common Pleas Court, General Division, provides:
 (A) Motions, in general, shall be submitted and determined upon the motion papers. Oral arguments of motions may be permitted on application and proper showing.