[Cite as *State v. Tutte*, 2022-Ohio-303.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                               No. 110508

    v.                                         :

GREGORY TUTTLE,                     :

    Defendant-Appellee.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 3, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650264-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Anthony T. Miranda and Connor Davin, Assistant Prosecuting Attorneys, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Pursuant to R.C. 2945.67(A), the state of Ohio ("the state") appeals as a matter of right the trial court's decision dismissing the indictment against

defendant-appellee, Gregory Tuttle ("Tuttle"). For the reasons that follow, we reverse and remand for further proceedings.

## I. Factual and Procedural Background

{¶ 2} On January 7, 2020, the Ohio State Patrol engaged in a high-speed chase with a car driven by Tuttle on I-480 after Tuttle failed to stop following an accident where his vehicle struck two other vehicles. Following the pursuit, officers were able to stop and arrest Tuttle.

{¶ 3} Tuttle was charged in Cleveland Municipal Court under Cleveland M.C. Nos. 2020 TRC 000519 and 2020 CRB 000400 with driving under the influence of drugs and/or alcohol, driving under an FRA suspension,[1] failing to wear a seatbelt, failing to use a signal, and possession of marijuana. On January 5, 2021, Tuttle appeared before the Cleveland Municipal Court and entered into a plea agreement with the city, whereby he pleaded guilty to an amended charge of physical control of a motor vehicle and driving under an FRA suspension, both first-degree misdemeanors. All other charges were dismissed. In February 2021, he was sentenced to probation and ordered to pay a fine and court costs.

{¶ 4} On October 27, 2020, while the charges were pending in Cleveland Municipal Court, Tuttle was indicted by a Cuyahoga County Grand Jury in relation to the January 2020 incident. He was charged with failure to comply, a third-degree

---

[1] An "FRA suspension" is a suspension imposed for driving without proof of financial responsibility, i.e., insurance. R.C. 4509.101; *see also* R.C. 4510.16.

felony; failing to stop after an accident, a first-degree misdemeanor; and two counts of criminal damaging or endangering, both misdemeanors of the first degree.

{¶ 5} On April 5, 2021, Tuttle moved to dismiss the case, contending that the state violated his constitutional and statutory speedy trial rights. The motion did not set forth a day-by-day calculation but noted the overall days from his arrest until his indictment. According to Tuttle, the speedy trial deadline expired three weeks before charges were even filed. He further argued that the Ohio Supreme Court's administrative actions issued regarding the COVID-19 pandemic did not prevent the state from bringing the charges. Finally, he contended that Ohio Attorney General David Yost's Legal Opinion issued on May 18, 2020, regarding tolling speedy trial time because of the pandemic did not apply because no indictment was pending. *See* 2020 Ohio Atty.Gen.Op. No. 2020-002. Tuttle did not raise any preindictment delay argument.

{¶ 6} The state opposed the motion, contending that its access to grand juries was limited due to the COVID-19 public health crisis and the May 26, 2020 Administrative Order issued by the Administrative Judge of the Cuyahoga County Court of Common Pleas ("Administrative Judge"). The state further argued that various time periods were tolled due to the COVID-19 pandemic, relying on the General Assembly's passage of Am.Sub.H.B. 197, Section 22, and Am.Sub.S.B. 10, Section 4, which addressed tolling of certain deadlines and timeframes, including

speedy trial.[2]  As such, the state maintained that it did not violate Tuttle's right to a speedy trial.

{¶ 7} On May 5, 2021, the trial court conducted a hearing on Tuttle's motion. A week later, the trial court issued a written decision granting Tuttle's motion, finding that the state violated his statutory right to a speedy trial.  The trial court did not do a day-by-day calculation in deciding the issue.  Rather, the trial court (1) noted the total elapsed days between arrest and indictment, (2) found the state's COVID-19 public health crisis argument unpersuasive because the state did not have a written policy regarding how the state would triage cases for grand jury proceedings during this time, and (3) determined that the legislation passed in response to the COVID-19 pandemic did not toll Tuttle's speedy trial time because that legislation applied only if the actual time expired during the stated dates.

{¶ 8} The state now appeals, contending in its sole assignment of error that the trial court erred in dismissing the case on the basis of speedy trial.

## II.  Standard of Review

{¶ 9} Whether a trial court's ruling on a speedy trial question was correct presents a mixed question of law and fact.  *State v. Borrero*, 8th Dist. Cuyahoga No. 82595, 2004-Ohio-4488, ¶ 10, citing *State v. Barnett*, 12th Dist. Fayette No. CA2002-06-011, 2003-Ohio-2014.  Appellate courts apply a de novo standard of review to the legal issues but afford great deference to any findings of fact made by

---

[2] Both of these sections were retroactively effective to the date of Ohio Governor Mike DeWine's Executive Order, issued March 9, 2020.

the trial court, if they were supported by competent and credible evidence. *State v. Barnes*, 8th Dist. Cuyahoga No. 90847, 2008-Ohio-5472, ¶ 17. This court must construe the statutes strictly against the state when reviewing the legal issues in a speedy trial claim. *Brecksville v. Cook*, 75 Ohio St. 3d 53, 57, 661 N.E.2d 706 (1996). Moreover, in analyzing the procedural timeline record of the case, this court is required to strictly construe any ambiguity in the record in favor of the accused. *State v. Johnson*, 8th Dist. Cuyahoga Nos. 78097, 78098, and 78099, 2001 Ohio App. LEXIS 999, 6 (Mar. 8, 2001).

### III. Defendant's Burden

{¶ 10} R.C. 2945.71 requires the state to bring a felony defendant to trial within 270 days of arrest. Each day a defendant is held in jail in lieu of bail solely on the pending charge is counted as three days. R.C. 2945.71(E). If the state does not bring a defendant to trial within the speedy trial limits, the court, upon motion, must discharge the defendant. R.C. 2945.73(B). A defendant establishes a prima facie case for discharge based on a speedy trial violation when he or she demonstrates that more than 270 days elapsed before trial. *See State v. Butcher*, 27 Ohio St.3d 28, 500 N.E.2d 1368 (1986). The burden then shifts to the state to show that R.C. 2945.72 extended the time limit. *Cook* at 55-56.

{¶ 11} The statutory speedy trial right begins at the time of a defendant's arrest, even if a person is not incarcerated pursuant to arrest. *Shaker Hts. v. Kissee*, 8th Dist. Cuyahoga No. 81301, 2002-Ohio-7255, ¶ 20. "The right to a speedy trial

arises when a person becomes an 'accused.'" *Id.*, citing *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)

{¶ 12} The parties do not dispute that Tuttle's arrest on January 7, 2020, started that the speedy trial clock. Even though he was not indicted on the felony charges until October 2020, the speedy trial clock nevertheless began because Tuttle was arrested and charged with misdemeanor offenses following the incident. When the subsequent charges arise out of the initial arrest and are not based on any new facts discovered by the state, the date of the original arrest commences the speedy trial clock. *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 18, citing *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989).

{¶ 13} Accordingly, applying the triple-count provisions to all relevant times, over 450 days elapsed between the date of Tuttle's arrest and when the trial court dismissed the case on May 14, 2021. He, therefore, established a prima facie case of a speedy trial violation. The burden thus shifts to the state.

## IV. State's Burden

{¶ 14} Under R.C. 2945.72, the time within which the must bring an accused to trial is extended for various reasons, including motions filed and continuances requested by the accused, the time required to secure counsel for the accused, and reasonable continuances granted other than upon the accused's motion. *See, e.g., State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283; *State v. Byrd*, 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283.

{¶ 15} At the hearing on Tuttle's motion to dismiss, the parties agreed to certain tolling and nontolling time periods. The parties agreed that the speedy trial clock began the day after Tuttle's arrest on January 7, 2020. *See State v. Sanders*, 8th Dist. Cuyahoga No. 107253, 2019-Ohio-1524, ¶ 20 (the day of the arrest does not count in a speedy trial calculation).

## A. January 8, 2020 — January 9, 2020

{¶ 16} The parties disagree on how many days Tuttle spent in jail following his arrest. It is undisputed that Tuttle was arrested on January 7, 2020, and pleaded not guilty at his arraignment on January 9, 2020. The state maintains that Tuttle posted bond and was released on January 9, 2020. In support, the state directs this court to take judicial notice of the court's docket in *Cleveland v. Tuttle*, Cleveland M.C. No. 2020 CRB 000400. The court's docket, accessible from the internet, indicates that Tuttle posted a personal bond on January 9, 2020, in this case, as well as in Cleveland M.C. No. 2020 TRC 000519.

{¶ 17} Tuttle does not refute when the bond was posted, but maintains that he was not released from jail until January 10. In support, he included in his appellate brief an excerpt from "jail records." Notwithstanding that this information was not presented to the trial court, this information, unlike the municipal court records, is not available on a public docket accessible from the internet. *See State ex rel. S.Y.C. v. Floyd*, 8th Dist. Cuyahoga No. 110759, 2021-Ohio-3467, ¶ 12, fn. 1, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874

N.E.2d 516, ¶ 8, 10 (finding that a reviewing court cannot take judicial notice of a juvenile docket because it is inaccessible from the internet).

{¶ 18} Accordingly, this court takes judicial notice that Tuttle was incarcerated for speedy trial purposes from January 8, 2020, to January 9, 2020, when he was issued a personal bond. Applying the triple-count provision of R.C. 2945.71(E), six days count against the state for speedy trial purposes.

### B. January 10, 2020 — May 25, 2020

{¶ 19} The parties do not dispute that following Tuttle's release from jail, no tolling events occurred until May 25, 2020. Accordingly, from January 10, 2020, until May 25, 2020, 137 days count against the state for speedy trial purposes, for a total of 143 days.

### C. May 26, 2020 — September 16, 2020

{¶ 20} By May 25, 2020, COVID-19 developed into a global health pandemic. Governor DeWine issued Executive Order 2020-01D on March 9, 2020, that declared a state of emergency to protect the well-being of Ohioans from the dangerous effects of COVID-19. As described in that order, COVID-19 is a respiratory disease that can result in serious illness or death that is easily transmittable from person to person who are in close contact with each other (within about six feet) through respiratory droplets produced when an infected person coughs or sneezes. *See* Executive Order 2020-01D.

{¶ 21} On March 16, 2020, the Administrative Judge issued an Administrative Order suspending all criminal trials "for a period of 30 days, unless

a criminal case implicates constitutional 'speedy trial' issues for which a waiver from the defendant had not been obtained." Two days later, Ohio Attorney General Yost issued an opinion that "courts may suspend jury trials to prevent the spread of the novel coronavirus, and they may do so consistent with state and federal speedy-trial obligations." *See* 2020 Ohio Atty.Gen.Op. No. 2020-002.

{¶ 22} On March 19, 2020, the Administrative Judge issued another Administrative Order adopting a "reduced docket, with a focus on incarcerated individuals and emergency matters before the Court." That order further recognized Ohio Attorney General Yost's opinion, stating that "[a]lthough tolling speedy-trial time by suspending jury trial activity is an extraordinary step, it is lawful — and responsible — to do so during a pandemic emergency."

{¶ 23} On April 28, 2020, the Administrative Judge issued an extensive order "extending the judicial emergency and continuity of operations of the court due to COVID-19 pandemic." It provided that a "public health emergency may be considered a finding of 'just cause' for continuances deemed necessary by assigned judges on a case-by-case basis." The order suspended all criminal and civil jury trials "up to and including July 30, 2020, unless a criminal case implicates constitutional 'speedy trial' issues for which a waiver from the defendant has not been obtained." The order further provided that "all criminal cases will be reviewed on a case-by-case basis, with an emphasis on expediting those cases involving incarcerated individuals." Regarding grand jury proceedings, the court extended the service of the Grand Jury for the January Term 2020 to July 30, 2020, and determined that

the "April Term 2020 shall be empaneled when [the] necessary safety protocols are in place for required social distancing.'

{¶ 24} On May 26, 2020, the Administrative Judge ordered that "[d]ue to social distancing requirements, courtroom occupancy will be limited to 15 people, not including court and county staff." The administrative ruling also provided that "no bench trial will be held until at least June 30, 2020, and no jury trials will be held until at least July 30, 2020."

{¶ 25} On August 3, 2020, the Administrative Judge issued another order, declaring that "[j]ury trials in criminal cases will not commence until September 21, 2020" and finding that "the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial." On September 17, 2020, however, the trial court slowly began resuming jury trials, and the Administrative Judge adopted "a criminal and civil trial decision matrix to determine the priority of cases for trial."

{¶ 26} Based on the foregoing, the state contends that during the period from May 26, 2020, when jury trials were suspended, until September 16, 2020, when the trial court adopted a jury matrix, Tuttle's speedy trial time was tolled.

{¶ 27} Tuttle does not concede that this time tolls his speedy trial time, but maintains that even if the trial court's administrative orders are deemed tolling events, his speedy trial right was still violated based on other nontolling events, which will be addressed later in this opinion. In fact, Tuttle agrees that if he "had been indicted promptly, the pause of jury trials necessitated by the coronavirus

pandemic would have barred his trial during the paused period." *See* Appellant's brief, p. 11, fn 3.

{¶ 28} We find that Tuttle's argument is more akin to a preindictment delay argument because whether or not Tuttle was indicted "promptly," the case was already pending for speedy trial purposes when he was arrested on January 7, 2020 — a fact conceded by the parties. Accordingly, either the case was pending — and thus speedy trial time commenced — or it was not. If it was not pending, then there is no speedy trial violation. We find that because the case was "pending," the administrative orders apply even though Tuttle was not yet under indictment.

{¶ 29} The trial court did not specifically address the administrative orders, but found highly significant the state's failure to provide written criteria for triaging grand jury cases. Our review of the record and the administrative orders reveal that although the state submitted no written policies to the trial court, the state adequately explained its methods of triaging cases submitted to the grand jury. At the hearing, the state explained:

> You're all aware COVID-19 has presented certain challenges to the court system, one of which is getting enough people in the building to present cases to the grand jury.
>
> Based on the public health crisis we have been experiencing since last February — March, there has been a limited number of grand juries to essentially get cases indicted.
>
> What we have in our office is we prioritize cases where people are in jail where speedy trial rights are running three to one — days are running three to one.
>
> * * *

> As relates to this, your Honor, with COVID-19 going on, we only had one or two grand juries during that time, and the grand juries were being used for cases of high precedence.

(Tr. 7-8.) The trial court then asked whether the prosecutor's office had any written policy on which kind of cases were being presented to the grand jury. The state responded that it was unaware of any written policy, but stated that "cases were being presented, but they were of the murder, rape, felonious assault variety where someone was being held, someone was being detained pending those charges." (Tr. 8.)

{¶ 30} We find that that trial court's factual finding that the state presented insufficient justification on its grand jury "triage" policy because no written policy was adopted was unreasonable. The state sufficiently explained the reduced number of grand juries, the cases that were being presented, and the prioritization of those cases. Its explanation is consistent with the Administrative Orders that prioritized cases involving "incarcerated individuals."

{¶ 31} Accordingly, because the case was pending for speedy trial purposes, and jury trials were suspended during that time to prevent the spread of COVID-19, this time is not counted against the state.[3] From May 26, 2020, until September 16,

---

[3] Because we find that the Administrative Order tolled the speedy trial time, this court does not need to address or interpret the language of Am.Sub.S.B. No. 10, Section 22(D), retroactively effective March 9, 2020, which provides that the "time period between March 9, 2020 and July 30, 2020, shall not be computed as part of the periods of limitation and time limitations described in division (A) of this section." The state argues that the uncodified law would also toll Tuttle's speedy trial time during that specified time. Tuttle contends, and the trial court agreed, that the time would be tolled

2020, no days are counted against the state for speedy trial purposes; the calculation remains at 143 days.

### D. September 17, 2020 — November 15, 2020

{¶ 32} The parties do not dispute that the speedy trial time counts against the state from September 17, 2020, until November 15, 2020. During this time, the court adopted a jury matrix, resumed jury trials, and Tuttle was indicted by a grand jury. Accordingly, from September 17, 2020, until November 15, 2020, 60 days count against the state for speedy trial purposes, for a total of 203 days.

### E. November 16, 2020 — December 13, 2020

{¶ 33} The parties do not dispute that the speedy trial clock stopped on November 16, 2020, when the court ordered a continuance of Tuttle's case at the court's request "due to COVID pandemic." In accordance with all prior administrative orders and pursuant to R.C. 2945.72, this continuance was reasonable. Accordingly, from November 16, 2020, until December 13, 2020, no days are counted against the state for speedy trial purposes; the calculation remains at 203.

### F. December 14, 2020 — January 13, 2021

{¶ 34} The parties dispute whether this timeframe is tolled. Tuttle's arraignment was scheduled for November 16, 2020. As previously discussed, the trial court continued the case due to COVID-19 until December 14, 2020. The court

---

only if the speedy trial time was set to expire during that specified time. In this case, the speedy trial time would have expired on October 3, 2020, if no tolling events occurred.

docket reflects that on December 14, 2020, a capias was issued for Tuttle. The next journal entry is dated January 8, 2021, and provides, "Arraignment scheduled for [December 14, 2020] at 08:30 AM is cancelled. Judge: Arraignment Room (Arraign) Reason: **Per DEF (notice sent)." Another journal entry issued the same day provides, "Arraignment previously scheduled for [December 14, 2020] at 08:30 AM is rescheduled for [January 13, 2021,] at 08:30 AM." The docket does not indicate that the court recalled the capias. On January 13, 2021, Tuttle appeared at his arraignment, the capias was recalled, and he posted a $5,000 personal bond.

{¶ 35} The state contends that this time period should count against Tuttle because he did not appear at his scheduled arraignment on December 14, 2020, and thus, the court issued a capias for his arrest. Tuttle contends that there is no indication in the record that he was notified of the December 14, 2020 hearing date, and thus, that time should count against the state.

{¶ 36} Because speedy trial time is strictly construed against the state, we agree with Tuttle that the record is silent on whether Tuttle was notified of the December 14, 2020 hearing date. However, the record indicates that on January 8, 2021, two journal entries were entered cancelling and then rescheduling the December 14 hearing until January 13, 2021. One of the journal entries noted, "Reason: **Per DEF (notice sent)." Tuttle appeared at the January 13 hearing where the capias was recalled. We find, therefore, that the time from December 14, 2020, until January 8, 2021 — 25 days — is counted against the state, but from January 9,

2021, until January 13 — 5 days — the time is tolled. Accordingly, 25 days are counted against the state for speedy trial purposes, for a total of 228 days.

### G. January 14, 2021 — January 24, 2021

{¶ 37} The parties do not dispute that this time period is counted against the state. On January 13, 2021, the trial court recalled the capias and the matter was set for Tuttle's first pretrial on January 25, 2021. Accordingly, from January 14, 2021, until January 24, 2021, 11 days are counted against the state for speedy trial purposes, for a total of 239 days.

### H. January 25, 2021 — April 4, 2021

{¶ 38} The parties dispute whether this time period is tolled. On January 25, February 10, March 1, and March 22, the trial court conducted pretrials on Tuttle's case. Each hearing was continued for another pretrial "at the request of defendant. Reason for continuance: discovery ongoing." Pursuant to R.C. 2945.72(H), continuances at the defendant's request are tolling events. *See State v. Walker*, 8th Dist. Cuyahoga No. 99239, 2013-Ohio-3522, ¶ 18. Tuttle contends that although continuances at the defendant's request typically toll the speedy trial time, these discovery continuances should not be counted entirely against him because no trial date had been set and thus no trial date could be delayed due to discovery. We find the defendant's argument unpersuasive. Without any evidence or indication from the record that the state was hindering Tuttle's discovery requests or preparation, or that the continuances were in fact not at Tuttle's request, this time period is tolled for speedy trial purposes.

{¶ 39} Accordingly, from January 25, 2021, until April 4, 2021, no days are counted against the state for speedy trial purposes; the calculation remains at 239 days.

### I. April 5, 2021 – May 14, 2021

{¶ 40} On April 5, 2021, Tuttle filed his motion to dismiss, contending that the state violated his right to a speedy trial. For the time period from the date of the motion until the trial court issued its decision dismissing the case, the speedy trial clock remained tolled. *State v. Nottingham*, 7th Dist. Belmont No. 05 BE 39, 2007-Ohio-3040, ¶ 20, citing *State v. McCall*, 152 Ohio App.3d 377, 2003-Ohio-1603, 787 N.E.2d 1241, ¶ 25 (7th Dist.) (the filing of a motion to dismiss on speedy trial grounds tolls the speedy trial clock from running until the motion can be resolved by the court); *State v. Carr*, 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, ¶ 29 (time is tolled from the filing of motions until when the court files its decision, so long as that time is reasonable).

{¶ 41} Accordingly, from April 5, 2021, until May 14, 2021, no days were counted against the state for speedy trial purposes; the calculation remained at 239 days.

## V. Conclusion

{¶ 42} Because only 239 days count against the state, Tuttle's right to a speedy trial has not been violated. Accordingly, the trial court erred in granting Tuttle's motion to dismiss. The state's assignment of error is sustained.

{¶ 43} Judgment reversed and case remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)


LISA B. FORBES, J., CONCURRING IN JUDGMENT ONLY WITH SEPARATE OPINION:

**{¶ 1}** I agree with the majority that Tuttle's right to a speedy trial was not violated in this case.  However, in my opinion, the Administrative Orders issued on May 26, 2020, and August 3, 2020, do not extend Tuttle's speedy trial time under R.C. 2945.72, because they do not fall into one of the subsection (A)-(I) categories. *See State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 8 ("The running of the speedy-trial clock may be temporarily stopped, that is, tolled, only for the reasons listed in R.C. 2945.72.").

**{¶ 2}** Rather, I would rely on Am.Sub.S.B. No. 10, Section 22(D) to find that Tuttle's speedy trial time was tolled from March 9, 2020, to July 30, 2020.