[Cite as *Johnson v. Cleveland Police Dept.*, 2023-Ohio-628.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| WILLIE JOHNSON | Case No. 2023-00031PQ |
| Requester | Special Master Todd Marti |
| v. | <u>RECOMMENDATION TO DISMISS</u> |
| CLERK, CLEVELAND POLICE DEPARTMENT | |
| Respondent | |

{¶1} This matter is before the Special Master for a R.C. 2743.75(D)(2) examination of Requester Willie Johnson's ("Johnson") complaint. Based on that examination, the Special Master recommends that the complaint be dismissed because Johnson's claim is barred by R.C. 149.43(B)(8).

### BACKGROUND

{¶2} Johnson filed this case pursuant to R.C. 2743.75, claiming that the Cleveland Police Department ("CPD") failed to produce public records he requested. An initial review of the complaint suggested that Johnson is incarcerated and that the records he requested pertain to criminal investigations. It further revealed that Johnson made no reference to his sentencing judge making any finding about the request.

{¶3} The Special Master therefore required Johnson to provide information about those matters pursuant to R.C. 2743.75(E)(3)(c). More specifically, Johnson was ordered to indicate whether he was incarcerated at the time of his public records request and whether he is currently incarcerated. He was also required to file copies of any findings from his sentencing judge about the necessity of the public records request underlying this case. Johnson responded that he was incarcerated at the time of his public records request. He did not file a copy of any finding from his sentencing judge. *Order*, entered January 17, 2023; *Affidavit*, filed February 6, 2023.

### ANALYSIS

{¶4} R.C. 2743.75(D)(2) requires a special master to examine each complaint and, if appropriate, authorizes him to recommend whether the case should be dismissed. The fact that the requester's complaint is barred by R.C. 149.43(B)(8) provides grounds for a R.C. 2743.75(D)(2) dismissal. *Thompson v. Cuyahoga Cty. Sheriff's Dept.*, Ct. of Cl. No. 2018-00251PQ, 2018-Ohio-1577 (McGrath, J.), ¶¶ 7, 11, 15.

{¶5} R.C. 149.43(B)(8) provides, in relevant part, that:

> A public office * * * is not required to permit a *person who is incarcerated pursuant to a criminal conviction * * ** to inspect or to obtain a copy of any *public record concerning a criminal investigation or prosecution * * ** unless * * * *the judge who imposed the sentence * * * or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim* of the person. (Emphasis added).

As the highlighted language indicates, R.C. 149.43(B)(8) limits access to otherwise available public records if three conditions are present: (1) the requester is incarcerated pursuant to a criminal conviction, (2) the record requested pertains to a criminal investigation or prosecution, and (3) the judge sentencing the requester (or the judge's successor) has not found that the request is necessary to support what appears to be a justiciable claim. All those conditions are present here.

{¶6} *Incarceration pursuant to a criminal conviction*. Johnson has admitted that he was incarcerated when he made the request prompting this case. *Affidavit*, *supra*. A public record posted on the Ohio Department of Rehabilitation and Correction's ("ODRC") website reports that Johnson was and is incarcerated for a criminal conviction[1] and the special master takes judicial notice of that fact. *State v. Perry*, 11th Dist. Trumbull No. 2014-T-0029, 2015-Ohio-1221, ¶ 21 (taking judicial notice of litigant's criminal incarceration based on ODRC website); *State v. Tuttle*, 8th Dist. Cuyahoga No. 110508, 2022-Ohio-303, ¶¶ 16-18 (taking judicial notice of time of incarceration based on on-line public records).

---

[1] ODRC, *Offender Details*, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A409863 (accessed February 21, 2023).

{¶7} *Record concerning a criminal investigation or prosecution.* This is established by the face of Johnson's complaint. The request was made to a police department, an entity that conducts criminal investigations. *Complaint*, filed January 11, 2023, at p. 3. He seeks "*forensic* laboratory reports" (emphasis added), *id.*, and "forensic" is commonly understood to refer to solving crimes. *The Cambridge Dictionary* ("related to scientific methods of solving crimes, involving examining the objects or substances that are involved in the crime");[2] *The Collins Dictionary* ("the work of scientists who examine evidence in order to help the police solve crimes").[3] He seeks information about "victims" and "rape kits" that the CPD obtained or shared with the "Prosecutor's office" and the "crime laboratory," matters involved in criminal investigations/prosecutions. *Complaint*, p. 3. Johnson therefore seeks records concerning criminal investigations/prosecutions.

{¶8} *Lack of judicial finding.* Nothing in Johnson's public records request or his complaint indicates that he obtained a judicial finding that his request was necessary to support a justiciable claim. That omission is itself sufficient grounds for dismissal. *Thompson v. Cuyahoga Cty. Sheriff's Dept.*, Ct. of Cl. No. 2018-00251PQ, 2018-Ohio-1577, ¶ 11. Further, Johnson has not filed a copy of any such finding after being ordered to do so.

{¶9} In sum, the three conditions for R.C. 149.43(B)(8)'s applicability are present here. Johnson's claim is therefore barred by R.C. 149.43(B)(8).

{¶10} That is not changed by the fact that Johnson seeks records that pertain to more than his own criminal case. R.C. 149.43(B)(8) controls requests for "*any* public record concerning a criminal investigation or prosecution" (emphasis added). The word "any" is all inclusive; it is generally understood to be mean "all," to be equivalent of "every," and to preclude exceptions. *Wachendorf v. Shaver*, 149 Ohio St. 231, 239-240, 78 N.E.2d 370 (1948); *Ives v. McNicoll*, 59 Ohio St. 402, 419, 53 N.E. 60 (1899); *Motor Cargo, Inc.*

---

[2] Cambridge Dictionary, *forensic*, https://dictionary.cambridge.org/dictionary/english/forensic (Accessed February 21, 2023).

[3] The Collins Dictionary, *forensic*, https://www.collinsdictionary.com/us/dictionary/english/forensic (Accessed February 21, 2023.

*v. Bd. of Twp. Trustees*, 52 O.O. 257, 117 N.E.2d 224, 225 (Summit C.P.1953). R.C. 149.43(B)(8) therefore controls requests for otherwise qualifying records, regardless of who they pertain to. See *State ex rel. Papa v. Starkey*, 5th Dist. Stark No. 2014CA00001, 2014-Ohio-2989, ¶ 9 ("The plain language of the statute does not limit the need to obtain a judicial finding only when an inmate is requesting his own records"); *Tingler v. Ottawa Cty. Prosecutor's Office*, Ct. of Cl. No. 2017-00248-PQ, 2017-Ohio-8451, ¶ 6.

## CONCLUSION

{¶11} The Special Master recommends that Johnson's complaint be dismissed pursuant to R.C. 2743.75(D)(2) because his claim is barred by R.C. 149.43(B)(8). The Special Master further recommends that court costs be assessed against Johnson.

{¶12} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

 

TODD MARTI
Special Master

**Filed February 21, 2023**
**Sent to S.C. Reporter 3/2/23**